**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

SARAH HEINZL,
individually and on behalf of all others
similarly situated,

              Plaintiff,

    v.

MOONBEAM CAPITAL INVESTMENTS, LLC
and CENTURY III MALL PA, LLC,

              Defendants.

Case No.

Filed Electronically

## CLASS ACTION COMPLAINT

COMES NOW, Sarah Heinzl, ("Plaintiff") on behalf of herself and all others similarly situated and alleges as follows:

## INTRODUCTION

1.     Plaintiff Sarah Heinzl brings this action individually and on behalf of all others similarly situated against Moonbeam Capital Investments, LLC and Century III Mall PA, LLC (collectively "Defendants"), alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., (the "ADA") and its implementing regulations, in connection with accessibility barriers at various properties owned, operated, controlled and/or leased by Defendants ("Defendants' facilities").

2.     Plaintiff has a mobility disability and is limited in the major life activity of walking, which has caused him to be dependent upon a wheelchair for mobility.

3.     Plaintiff has patronized Defendants' facilities in the past, and intends to continue to patronize Defendant's facilities.  However, unless Defendants are required to remove the

access barriers described below, Plaintiff will continue to be denied full access to Defendants' facilities as described, and will be deterred from fully using Defendants' facilities.

4.      Therefore, on behalf of a class of similarly situated individuals, Plaintiff seeks a declaration that Defendants' facilities violate federal law as described and an injunction requiring Defendants to remove the identified access barriers so that Defendants' facilities are fully accessible to, and independently usable by individuals with mobility disabilities, as required by the ADA.  Plaintiff further requests that, given Defendants' historical failure to comply with the ADA's mandate, over a period of many years, the Court retain jurisdiction of this matter for a period to be determined to ensure that Defendants come into compliance with the relevant requirements of the ADA and to ensure that Defendants have adopted and are following an institutional policy that will, in fact, cause Defendants to remain in compliance with the law.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

5.      On July 26, 1990, President George H.W. Bush signed into law the ADA, a comprehensive civil rights law prohibiting discrimination on the basis of disability.

6.      The ADA broadly protects the rights of individuals with disabilities in employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.

7.      Title III of the ADA prohibits discrimination in the activities of places of public accommodation and requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities.  42 U.S.C. § 12181-89.

8.      Defendants are required to remove existing architectural barriers when such removal is readily achievable for places of public accommodation that existed prior to January

2

26, 1992, 28 CFR 36.304(a) and 42 U.S.C. Section 12182(b)(2)(A)(iv); in the alternative, if there has been an alteration to defendant's places of public accommodation since January 26, 1992, the defendant is required to ensure to the maximum extent feasible, that the altered portions of the facilities are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the defendant's facilities were designed and constructed for first occupancy subsequent to January 26, 1992, as defined in 28 CFR 36.401, then the defendant's facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

9.     Defendants own, operate, control and/or lease places of public accommodation.

10.     Defendants' facilities are not fully accessible to, and independently usable by individuals who use wheelchairs.

11.     While Defendants have centralized management policies regarding the design, construction and maintenance of its facilities, those policies are inadequate, and Defendant's facilities continue to be inaccessible to, and not independently usable by individuals who use wheelchairs.

## JURISDICTION AND VENUE

12.     This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. § 12188.

13.     Plaintiff's claims asserted herein arose in this judicial district and Defendants do substantial business in this judicial district.

14.     Venue in this judicial district is proper under 28 U.S.C. §1391(b)(2) in that this is the judicial district in which a substantial part of the events and/or omissions at issue occurred.

## PARTIES

3

15.     Plaintiff, Sarah Heinzl, is and, at all times relevant hereto, was a resident of the Commonwealth of Pennsylvania.  As described above, as a result of her disability, Plaintiff relies upon a wheelchair for mobility.  She is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.*

16.     Defendant Moonbeam Capital Investments, LLC is headquartered at 9103 Alta Drive, Suite 204, Las Vegas, Nevada 89145.

17.     Defendant Century III Mall PA, LLC is headquartered at 9103 Alta Drive, Suite 204, Las Vegas, Nevada 89145.

18.     Defendants are public accommodations pursuant to 42 U.S.C. §12181(7).

## VIOLATIONS AT ISSUE

1.     Plaintiff has visited Defendants' retail property known as Century III Mall in West Mifflin, Pennsylvania on multiple occasions. During these visits she has experienced unnecessary difficulty and risk due to excessive slopes of purportedly accessible parking spaces and access aisles.

2.     On Plaintiff's behalf, investigators examined Century III Mall and found the following violations[1]:

   a)  Parking area near Macy's entrance

      i.  The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%; and

      ii.  The surfaces of one or more access aisles had slopes exceeding 2.1%.

   b)  Parking area near first JC Penney entrance

---

[1] Investigators began measuring outside Macy's, then traveled to the right, towards JC Penney (i.e in a counterclockwise direction, on a map of the mall). Parking areas are listed in this order.

      i.   The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%; and

      ii.   The surfaces of one or more access aisles had slopes exceeding 2.1%.

c)   Parking area near second JC Penney entrance

      i.   The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%;

      ii.   The surfaces of one or more access aisles had slopes exceeding 2.1%; and

      iii.   One or more signs designating spaces as "accessible" were mounted less than 60 inches above the finished surface or the parking area.

d)   Parking area near third JC Penney entrance, designated as a package pickup area;

      i.   The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%;

      ii.   The surfaces of one or more access aisles had slopes exceeding 2.1%; and

      iii.   One or more signs designating spaces as "accessible" were mounted less than 60 inches above the finished surface or the parking area.

e)   Parking area near fourth JC Penney entrance

      i.   The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%;

      ii.   A portion of the route to the facility entrance had a cross slope exceeding 2.1%;

      iii.   A curb ramp along the route to the entrance with an excessive running slope; and

        iv.    A curb ramp along the route to the entrance had a flare with a slope exceeding 10.0%.

f) Parking area near entrance near JC Penney and Old Mexico

        i.    The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%; and

        ii.    The surfaces of one or more access aisles had slopes exceeding 2.1%.

g) Parking area near Old Mexico

        i.    The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%;

        ii.    The surfaces of one or more access aisles had slopes exceeding 2.1%;

        iii.    A curb ramp along the route to the entrance with an excessive running slope; and

        iv.    A curb ramp along the route to the entrance had a flare with a slope exceeding 10.0%.

h) Parking area near Dick's Sporting Goods

        i.    The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%;

        ii.    The surfaces of one or more access aisles had slopes exceeding 2.1%; and

        iii.    A grate in the surface had openings that would allow the passage of a ½ inch sphere.

i) Parking area near entrance marked "E"

        i.    The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%;

      ii.    The surfaces of one or more access aisles had slopes exceeding 2.1%; and

      iii.   A vertical change in direction of more than ¼ inch obstructed the route to the entrance.

3.     As a result of Defendants' non-compliance with the ADA, Plaintiff's ability to access and use Defendants' facilities has been significantly impeded.

4.     Though Defendants have centralized policies regarding the management and operation of their facilities, Defendants' ADA compliance policies are inadequate and are not reasonably calculated to make their facilities fully accessible to, and independently usable by individuals with mobility disabilities.

5.     As an individual with a mobility disability who is dependent upon a wheelchair, Plaintiff has a keen interest in whether public accommodations have architectural barriers that impede full accessibility to those accommodations by individuals with mobility impairments.

6.     Plaintiff lives less than seven miles from Century III Mall, and has shopped there on multiple occasions. Plaintiff intends to return to Defendants' facilities to shop and to ascertain whether those facilities remain in violation of the ADA.  However, so long as the numerous architectural barriers at Defendants' facilities continue to exist, Plaintiff will be deterred from returning to Defendants' facilities.

7.     Without injunctive relief, Plaintiff will continue to be unable to fully access Defendants' facilities in violation of her rights under the ADA.

## CLASS ALLEGATIONS

8.     Plaintiff brings this class action on behalf of herself and all others similarly situated pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, on behalf of all wheelchair users who have attempted, or will attempt, to access Defendants' facilities.

9.      The class described above is so numerous that joinder of all individual members in one action would be impracticable.  The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

10.     <u>Typicality:</u>  Plaintiff's claims are typical of the claims of the members of the class.  The claims of the Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

11.     <u>Common Questions of Fact and Law:</u>  There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendants' facilities and/or services due to Defendants' failure to make their facilities fully accessible and independently usable as above described.

12.     <u>Adequacy of Representation:</u>  Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the members of the class.  Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the members of the class.  Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation, generally, and who possess specific expertise in the context of class litigation under the ADA.

13.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

<u>**SUBSTANTIVE VIOLATION**</u>

14.    The allegations contained in the previous paragraphs are incorporated by reference.

15.    Defendants' facilities were altered, designed, or constructed, after the effective date of the ADA.

16.    Defendants' facilities were required to be altered, designed, and constructed so that they are readily accessible to and usable by individuals who use wheelchairs.  42 U.S.C.§ 12183(a)(1).

17.    The architectural barriers described above demonstrate that Defendants' facilities were not altered, designed, or constructed in a manner that causes them to be readily accessible to and usable by individuals who use wheelchairs.

18.    The architectural barriers described above demonstrate that Defendants have failed to remove barriers, as required by 42 U.S.C. Section 12182(b)(2)(A)(iv).

19.    Defendants' facilities are required to comply with the Department of Justice's 2010 Standards for Accessible Design, or in some cases the 1991 Standards 42 U.S.C. § 12183(a)(1);  28 C.F.R. § 36.406;  28 C.F.R., pt. 36, app. A.

20.    Defendants are required to provide individuals who use wheelchairs full and equal enjoyment of their facilities.  42 U.S.C. § 12182(a).

21.    Defendants have failed, and continue to, fail, to provide individuals who use wheelchairs with full and equal enjoyment of their facilities.

22.    Defendants have discriminated against Plaintiff and the Class in that they have failed to make their facilities fully accessible to, and independently usable by, individuals who use wheelchairs in violation of 42 U.S.C. § 12182(a) as described above.

23.     Defendants' conduct is ongoing, and Plaintiff has been harmed by Defendants' conduct.

24.     Given that Defendants have not complied with the ADA's requirements to make their facilities fully accessible to, and independently usable by, individuals who use wheelchairs, Plaintiff invokes her statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the members of the class, prays for:

a.      A declaratory judgment that Defendants are in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendants' facilities, as described above, are not fully accessible to, and independently usable by, individuals who use wheelchairs;

b.      A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504 (a) which directs Defendants to take all steps necessary to remove the architectural barriers described above and to bring its facilities into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that their facilities are fully accessible to, and independently usable by, individuals who use wheelchairs, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendants' facilities come into compliance  with the relevant requirements of the ADA to ensure that Defendants have adopted and is following an institutional policy that will in fact cause Defendants to remain fully in compliance with the law;

c.      An Order certifying the class proposed by Plaintiff, and naming Plaintiff as a class representative and appointing her counsel as class counsel;

d.      Payment of costs of suit;

e.      Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505; and,

f.      The provision of whatever other relief the Court deems just, equitable and appropriate.

10

Dated: February 13, 2015                      Respectfully Submitted,

                                              */s/ Benjamin J. Sweet*
                                              R. Bruce Carlson (PA56657)
                                              bcarlson@carlsonlynch.com
                                              Benjamin J. Sweet (PA87338)
                                              bsweet@carlsonlynch.com
                                              Stephanie Goldin (PA202865)
                                              sgoldin@carlsonlynch.com
                                              CARLSON LYNCH SWEET &
                                                  KILPELA LLP
                                              PNC Park
                                              115 Federal Street, Suite 210
                                              Pittsburgh, PA 15212
                                              www.carlsonlynch.com
                                              (p)  412 322-9243
                                              (f)   412 231-0246